Filed 12/19/23  P. v. Lopez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081242 |
| v. | (Super.Ct.No. RIF1801693) |
| JUAN LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Juan Lopez appeals from the denial of his request made pursuant to Penal Code section 1172.75 to be resentenced to a lower term and to have a strike vacated.[1]

## BACKGROUND

In August 2018, defendant was charged by information with a number of offenses, including several related to possession of methamphetamine while armed with a loaded and operable firearm.

In 2019, defendant pled guilty to violating subdivision (a) of section 11379 of the Health and Safety Code.[2]  He also pled guilty to undertaking that offense while personally armed with a handgun within the meaning of Penal Code section 12022, subdivision (c).  He admitted a strike prior (Pen. Code, §§ 667, 1170.12) and three prison priors (Pen. Code, § 667.5, subd. (b)).  In accordance with the plea agreement entered into by the parties, the court sentenced defendant to an aggregate term of 16 years in state prison, which included a one-year enhancement on each of his three prison priors.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Except in circumstances not relevant here, Health and Safety Code section 11379, subdivision (a), prohibits the transport or import into this state, the selling, furnishing, administering, and the giving away of certain controlled substances, including methamphetamine, or the making of an offer to undertake any of those acts.

In January 2021, the Legislature enacted section 1172.75.[3] (Stats. 2021, ch. 728, § 3, (Sen. Bill No. 483), eff. Jan. 1, 2022.) The provision eliminated as legally invalid all sentence enhancements set forth in section 667.5, subdivision (b), that were imposed before January 1, 2020 (except those involving a prison prior for specified sexually violent offenses). (§ 1172.75, subd. (a).)

In response to the new legislation, the trial court recalled defendant's sentence and struck the three years imposed on account of his prison priors, but denied his requests to reduce his sentence as to the Health and Safety Code violation and to vacate the sentence imposed for his prior strike. Defendant timely noticed this appeal.

## DISCUSSION

Defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel asked this court to independently review the record on appeal, citing *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 US. 738. Counsel also listed the following issues to assist in the requested review of the record: (i) whether the trial court abused its discretion in denying defendant's motion to dismiss the strike prior, citing *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and (ii) whether the trial court abused its discretion when it did not reduce the upper-term sentence imposed for Health and Safety Code violation.

---

[3] At the time of its enactment, section 1172.95 was numbered 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute. (Stats. 2022, ch. 58, § 12.)

Upon receipt of the opening brief, we advised defendant and counsel that, because the appeal is from the denial of a postconviction proceeding, this court is not required to conduct an independent review of the record, and cited *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendant to file any supplemental brief deemed necessary and advised him that failure to do so might result in dismissal of the appeal as abandoned. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

4